UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

| | |
|---|---|
| **YVETTE PINNOCK,**<br><br>Plaintiff,<br><br>V.<br><br><br>**TELETECH GOVERMENT SOLUTIONS, LLC, and SHEILA BARANOWSKI** | No. 1:24-cv-03290-NRN |

OPPOSITION TO DEFENDANT MOTION REQUEST
FOR ADDITIONAL (7) DAYS TO FILE RESPONSE

I, Yvette Pinnock, the Plaintiff acting on behalf of myself in the matter of Pinnock V. TTEC Government Solutions LLC, and Sheila Baranowski, hereby oppose defendants' counsels motion for a further 7 days extension to file response to (ECF.1).

In accordance with FRCP 1 (2) the defendants have demonstrated a lack of regard and commitment towards just and speedy determination, resulting in a waste of time and additional expenditure on the part of the plaintiff.

Furthermore, defendants counsel has on more than one occasion shown a lack of transparency, which leads to confusion and delays in due process.

1. During counsel's initial conference with the plaintiff on January 6th 2025, he neglected to inform of the specifics surrounding the motion for extended time. He advised the courts that the reasoning was due to his having recently been retained by the defendant TTEC, without providing any evidence to such.

2. The plaintiff provided in full transparency ECF. 6 containing Affidavits of Proof of Service for both defendants. Let the records show, that the first attempt to serve both defendants was rejected, on the grounds that defendant TTEC could not be served at that address, which was the only address given to the plaintiff by the EEOC and verified by the plaintiff via internet web search.

3. As per signed affidavit, defendant Sheila Baranowski was not showing as an employee in their offices. That said, this discrepancy caused an additional (5) day delay for defendant TTEC to be served. The plaintiff asserts that tactics of connivance were deployed to avoid service upon Sheila Baranowski. Additional expenditure was allocated to perform a skip trace to locate defendant Sheila Baranowski through her home address. Thereafter, additional expense was forfeited to have ECF. 1 served to defendant Sheila Baranowski's home address.

4. According to FRCP 12 (a) (1) (A) (i) Defendant Sheila Baranowski is required to respond to ECF.1 on or before January 20th, 2025. As per the Magistrate judge's order ECF. 7 the (14) days extension to respond by defendant TTEC should conclude on or before January 21st, 2025.

5. This leads to the second point of counsel's lack of transparency, in that, the plaintiff was just informed mid-day Friday January 17th, 2025, via a two-part email correspondence, that;

A. Counsel would be requesting an additional (7) days for defendant TTEC to respond., giving them a January 28th, 2025, deadline.

B. In short, he stated, he would be assuming the role of legal counsel to Sheila Baranowski. As it stands, there is no clarity as to when their official engagement commenced. Furthermore, he negated to mention that in relation to ECF. 6 #2, Ms. Baranowski is required by law, to have responded yesterday, January 20th, 2025. That said, by law according to FRCP 55 (a) defendant Sheila Baranowski is now officially in default.

6. This begets the question of when the (7) days extension would have concluded for defendant Sheila Baranowski's response, which was yesterday.

7. It is on these grounds, that I oppose counsels motion for the 7 day extension. There is clear evidence of acts of irreverence on the part of the defendants and their counsel that the court should view in bad repute.

8. Therefore, it is my plea that the Magistrate Judge restore order amidst the chaos and disorder introduced by the defendants and their counsel, by denying their motion for the (7) day extension, all together.

9. However, given the adequate time the court has graciously granted so far, should the court decide to grant further extension to the defendant TTEC, reasonable allotment would be (2) days to present whatever response has been collated by the defendant regarding ECF. 1 thus far.


Sincerely,

Yvette Pinnock
Dated: 1/21/2025