IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03290-NRN

YVETTE PINNOCK,

Plaintiff,

v.

TELETECH GOVERNMENT SOLUTIONS, LLC, and
SHEILA BARANOWSKI,

Defendants.

---

### ORDER ON DEFENDANTS' MOTION TO DISMISS (ECF No. 13)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court for all purposes upon the consent of the parties, ECF No. 16, and an Order of Reference by Chief Judge Philip A. Brimmer pursuant to 28 U.S.C. § 636(c), ECF No. 17. Now pending before the Court is Defendants Teletech Government Solutions LLC d/b/a TTEC ("TTEC") and Sheila Baranowski's Motion to Dismiss. ECF No. 13. Plaintiff Yvette Pinnock responded, ECF Nos. 22–24, and Defendants filed a reply, ECF No. 26. The Court conducted a Motion Hearing via video teleconference on March 11, 2025. *See* ECF No. 27. At the Motion Hearing, the Court granted Plaintiff leave to file a supplemental response, *see id.*, which Plaintiff filed on March 13, 2025, ECF No. 28.

Defendants argue that the Complaint must be dismissed as untimely because Plaintiff did not file within 90 days of her receipt of a letter from the Equal Employment Opportunity Commission ("EEOC") giving notice of the right to sue. The Court has taken

judicial notice of the case file and considered the applicable federal and state statutes and case law. As set forth below, it is hereby **ORDERED** that the Motion to Dismiss, ECF No. 13, is **GRANTED**.

## I.    FACTUAL BACKGROUND[1]

### a.  Facts Alleged in Plaintiff's Complaint

Plaintiff filed a Charge of Discrimination with the EEOC on August 10, 2024, alleging disability discrimination and retaliation against TTEC (the "Charge"). ECF No. 1-3.The EEOC later issued a Notice of Right to Sue ("NRTS"). ECF No. 1-4. The NRTS states, "Issued On: August 21, 2024." *Id.* at 1. The "To" line on the NRTS includes Plaintiff's mailing address and email address. *Id.* The NRTS then states, "If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document." *Id.* (emphasis in original). It further states, "Receipt generally means the date when you (or your representative) opened this email or mail." *Id.* at 3.

Plaintiff later filed this lawsuit against TTEC and Ms. Baranowski, alleging disability discrimination, retaliation, and wrongful termination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. ECF No. 1 at 2–3. The Complaint is signed by Plaintiff and dated November 25, 2024. *Id.* at 22. The Court's electronic document stamp on the Complaint also reads November 25, 2024. *Id.* at 1. Ten documents are attached to the Complaint. Among these attachments are a

---

[1] Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

"JDF 601SC District Court Civil Cover Sheet" dated November 25, 2024, ECF No. 1-1, another such form dated November 22, 2024, ECF No. 1-5 at 1–2, and a complaint form dated November 22, 2024, *id.* at 8–11.

### b. Factual Dispute Regarding the Date Plaintiff Received Notice of NRTS

Aside from the NRTS, which was attached to the Complaint and contains the text "Issued On: August 21, 2024," the Complaint contains no allegations regarding when Plaintiff received the NRTS. However, in Plaintiff's Opposition to the Motion to Dismiss, ECF No. 22, Plaintiff for the first time argues that she did not receive the NRTS until after August 21, 2024. Plaintiff states that she consulted with an attorney on August 22, 2024, and that the conversation prompted her to check her email inbox to see if she had received any new communications from the EEOC. *Id.* at 17. Plaintiff asserts there was no NRTS email notification in her inbox at that time. Plaintiff stated at the March 11, 2025 Motion Hearing that the NRTS email notification appeared in her email inbox on August 24, 2024, but that it was incorrectly back-dated so that it appeared to have been delivered on August 21, 2024. ECF No. 27. Plaintiff theorizes in her opposition that "'bad actors' within the EEOC" "hacked [her email account] for the purpose of sliding the said EEOC NRTS letter into Plaintiff's inbox." ECF No. 22 at 18. In sum, Plaintiff claims that she did not see the NRTS email notification, nor the NRTS, until August 24, 2024.

In their reply in support of the Motion to Dismiss, Defendants attach an EEOC Activity and Email Log indicating that two events occurred on August 21, 2024 at 12:10 p.m.: (1) "Closure Notice/NRTS (2024.08.21 pinnock form 161 notice of right to sue.pdf) released"; and (2) "[e]mailed Ms. Yvette Pinnock at [redacted] that a new document is

3

available to download." ECF No. 26-1 at 8. Defendants obtained this log via a Freedom of Information Act request. ECF No. 27.

### c. Additional Allegations Regarding the Date the Complaint was Filed

Plaintiff contends that she filed the Complaint on Friday, November 22, 2024 instead of Monday, November 25, 2024. In particular, Plaintiff argues that she emailed the Complaint to COD_ProSe_Filing@cod.uscourts.gov at 4:59 p.m. MT on November 22, 2024. ECF Nos. 24 at 1, 28-1 at 5. One minute later, at 5:00 p.m. MT, she received an automatic reply stating that "[t]he U.S. District Court for the District of Colorado has received your email," and "[a]ll filings received after 5:00 pm (MT) will be filed the next business day." ECF No. 28-1 at 6.

On the morning of Monday, November 25, 2024, Plaintiff called the Clerk's office to confirm receipt of the filing. ECF No. 28 at 2. The Clerk's Office stated that the email had been received on November 22, 2024 at 6:56 p.m. MT, and therefore would be filed as of November 25, 2024 because it was received after 5:00 p.m. *Id.* The Clerk's Office and IT department subsequently further investigated the exact time that Plaintiff's email was received, and determined that it was received 16 seconds after 5:00 p.m. MT. The Clerk's Office informed Plaintiff that the Complaint would be deemed filed as of November 25, 2024, and advised that Plaintiff could submit any amendments within 24 hours. Plaintiff then submitted the operative Complaint, signed and dated November 25, 2024.

## II.    STANDARDS FOR DISMISSAL

### A.  Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

A statute of limitations may form the basis for dismissal.  "If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6)." *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 997 (N.D. Okla. 2017) (citations omitted). If, from the complaint, " the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is . . . a question of law" suitable for resolution at the motion to dismiss stage. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (quoting *Edwards v. Int' l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995)); *see also Jiying Wei v. Univ. of Wyo. Coll. of Health Sch. Pharmacy*, 759 F. App'x 735, 740 (10th Cir. 2019) ("[I]t is appropriate to resolve a statute of limitations defense on a Rule 12(b)(6) motion 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'") (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)). "The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute; the Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion." *SFF-TIR, LLC*, 250 F. Supp. 3d at 997 (citation omitted). "In any event, where the face of the complaint reveals that the action is beyond the statute of limitations, and there are no allegations in the complaint or response to the motion that would implicate tolling, the complaint may be disposed of on a motion to dismiss." *Jones v. United Ass'n of Journeymen*, No. 4:20-cv-00585-CRK-CDL, 2024 WL 1285546, at *9 n.14 (N.D. Okla. Mar. 26, 2024) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### B. Pro Se Plaintiff

The Court must construe the Complaint and other papers filed by Plaintiff liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110; *see also Craig v. McCollum*, 590 F. App'x 723, 726 (10th Cir. 2014) ("Our liberal construction of pro se petitions does not exempt them from the rules of procedure binding the petitions of other litigants.") (citation omitted).

## III.    ANALYSIS

### A.  Facts the Court May Consider on Defendants' Motion to Dismiss

As discussed in detail below, Defendants argue that the Complaint must be dismissed as untimely. Therefore, the Court first determines which facts it may consider regarding the date that Plaintiff received the NRTS and the date that Plaintiff filed the Complaint in this case.

Although the sufficiency of a complaint on a Rule 12(b)(6) motion usually "must rest on its contents alone," there are limited "exceptions to this restriction on what the court can consider," including: (1) documents that the complaint incorporates by reference such as documents attached as exhibits to the complaint, (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citations omitted).

Federal Rule of Evidence 201 "permits a court to take 'judicial notice' of a particular fact where that fact is not subject to reasonable dispute because 'it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Horton v. Davis*, No. 13-cv-01089-REB-NYW, 2015 WL 7294815, at *1 (D. Colo. Nov. 19, 2015), *report and recommendation adopted sub nom. Horton v. Fenlon*, 2016 WL 106488 (D. Colo. Jan. 11, 2016), *judgment entered*, 2016 WL 107184 (D. Colo. Jan. 11, 2016). For example, a court may take judicial notice of its own files and records and of facts which are a matter of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). "'[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed.'" *United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002) (citation omitted).

### i.  The Court Takes Judicial Notice of the EEOC Activity Log.

Defendants argue that the Court should take judicial notice of the EEOC activity log, which shows that on August 21, 2024, (1) the EEOC sent an email to Plaintiff stating "that a new document is available to download," and (2) that the NRTS was "released" on the EEOC Public Portal. ECF No. 26 at 4 n.3. Plaintiff acknowledges that her email account shows, as of the March 11, 2025 hearing, that this EEOC email was received on August 21, 2024. However, Plaintiff argues that the EEOC hacked her email on or about August 24, 2024 in order to place the email (fraudulently backdated to August 21, 2024) in her email inbox.

8

The Court recognizes that courts frequently take judicial notice of EEOC charging documents as administrative records. *See Villarreal v. Walmart, Inc.*, No. 19-cv-01722-PAB-STV, 2021 WL 1022701, at *5 (D. Colo. Mar. 17, 2021). However, courts have reached divergent conclusions regarding whether it is appropriate to take judicial notice of an EEOC activity log in the context of a Rule 12(b)(6) motion.

In at least two instances, district courts have taken judicial notice of an EEOC activity log where that log showed dates different from those alleged in the complaint. For example, in *Townsend v. Aptar, Inc.*, the plaintiff alleged that she received a NRTS on June 18, but the defendant argued in a motion for judgment on the pleadings that the plaintiff had in fact received the NRTS the day before. No. 1:23-cv-1690-MLB-CMS, 2024 WL 3314985, at *4 (N.D. Ga. Feb. 14, 2024), *report and recommendation adopted*, No. 1:23-cv-1690-MLB, 2024 WL 3314984 (N.D. Ga. May 30, 2024), *aff'd*, No. 24-12130, 2025 WL 325561 (11th Cir. Jan. 29, 2025). In support of the motion, the defendant produced an email from the EEOC to defense counsel which stated that the NRTS "was uploaded via the public portal and released to the Charging Party and to the Respondent on June 17, 2022 per the customary protocols." *Id.* Applying a Rule 12(b)(6) standard, the court held that it could "take judicial notice of the EEOC's statement about its customary protocols and records of its public portal, because it is 'a fact that is not subject to reasonable dispute' that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned,'" and "because it is an extrinsic document central to the plaintiff's claim whose authenticity has not been challenged." *Id.* at *4 n.2 (citations omitted); *see also Aletum v. Wesco Distribution, Inc.,* No. 23-cv-494-PX, 2023 WL 8235159, at *1 (D. Md. Nov. 28, 2023)

9

(although the plaintiff alleged that that he filed an EEOC charge on August 28, the court took judicial notice of an EEOC activity log stating that he filed the charge on August 31 because the log was a public record and necessary to decide issues like exhaustion of administrative remedies).

However, two other district courts have recently declined to take judicial notice of EEOC activity logs where a particular date was disputed by the parties. *See Carrigan v. Archdiocese of Milwaukee*, No. 22-cv-1084-PP, 2023 WL 6810073, at *4 (E.D. Wis. Oct. 16, 2023) (where parties disputed the date that the plaintiff was notified of the NRTS, declining to take judicial notice of EEOC activity log in part because the EEOC's recordkeeping practices, "like those of any large organization, are by their very nature not free of error"); *Painadath v. Lattanzio*, No. CV 22-3604, 2024 WL 1836500, at *3 (E.D. Pa. Apr. 26, 2024) (declining to take judicial notice of EEOC activity log at the motion to dismiss stage "because considering the activity log would require the Court to make 'certain assumptions or inferences about what the various timestamps, acronyms, and terminology represent'" (citation omitted)).

Ultimately, the Court is persuaded by *Townsend* and *Aletum*'s reasoning that a court may take judicial notice of an EEOC activity log when its accuracy is not subject to reasonable dispute. Although Plaintiff has alleged in her opposition that the EEOC hacked her email account, this allegation does not amount to a reasonable questioning of the accuracy of the EEOC activity log. Therefore, the Court takes judicial notice of the fact that the EEOC sent notice of the NRTS to Plaintiff's email on August 21, 2024.

### ii. The Court Takes Judicial Notice of Its Own Records Regarding Date and Time of Filing.

Federal courts may take judicial notice of their own records. *See A Just Cause v. United States*, 45 F. Supp. 3d 1258, 1261 n.1 (D. Colo. 2014) (taking judicial notice of the records of the Office of the Clerk of Court); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[A] court may, [s]ua sponte, take judicial notice of its own records and preceding records if called to the court's attention by the parties."); *Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (holding that a court "is permitted to take judicial notice of its own files and records").

In this case, the Court takes judicial notice of its filing requirements and procedures, and its records regarding the date and time that Plaintiff filed the Complaint in this case.

The District of Colorado permits pro se parties to file documents by sending them via email to COD_ProSe_Filing@cod.uscourts.gov. D. Colo. Email Filing Procedures for Unrepresented Parties, http://www.cod.uscourts.gov/Portals/0/Documents/ AttInfo/Email_Filing_for_Pro_Se.pdf (hereinafter "D. Colo. Email Filing Procedures"). According to the Clerk and the Court's Information Technology department, Plaintiff emailed COD_ProSe_Filing@cod.uscourts.gov on November 22, 2024. The email arrived at the Court's email server 16 seconds after 5:00 p.m. MT. The email displayed in the Clerk's inbox as having been received at 6:56 p.m. MT. The Clerk's Office informed Plaintiff on November 25, 2024 that because her filing was received 16 seconds after 5:00 p.m., it had been received after business hours and, accordingly, would be deemed filed as of November 25, 2024 (the next business day). The Clerk

11

permitted Plaintiff to update her filings within 24 hours so that they were dated and signed as of November 25, 2024. Plaintiff does not dispute any of these facts.

## B. Ninety Day Filing Requirement

A plaintiff must initiate litigation on an ADA claim within ninety days from the date she receives an NRTS from the EEOC. 42 U.S.C. §§ 2000e–5(f)(1), 12117(a); *Ombe v. Cook*, 861 F. App'x 182, 184 (10th Cir. 2021) ("'[O]nce the EEOC determines not to pursue the charge, the employee has ninety days from receipt of the right to sue letter in which to file suit.'" (quoting *E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1198 (10th Cir. 2003)). Indeed, "[t]hese timing requirements are prerequisites to a civil suit." *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003). "Compliance with the ninety-day filing requirement is not a jurisdictional prerequisite, but it is a statutory precondition to suit that functions like a statute of limitations." *Stambaugh v. Kan. Dep't of Corr.*, 844 F. Supp. 1431, 1433 (D. Kan. 1994) (citing *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983)). "The burden rests with the plaintiff to prove this condition precedent when the defendant denies that the condition has been fulfilled." *Id.* (citation omitted).

The 90-day time limit "is to be strictly construed," *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985), and a complaint "filed even one day late must be dismissed," *Melendez v. Singer–Friden Corp.*, 329 F.2d 521, 523 (10th Cir. 1976). "'Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Kaiser v. Colo. Dep't of Corr.*, No. 10-cv-01837-RBJ-CBS, 2012 WL 762227, at *7 (D. Colo. Jan. 4, 2012) (quoting *Baldwin Cnty. Welcome Center v. Brown*, 466 U .S. 147, 152 (1984)),

12

*report and recommendation adopted*, 2012 WL 764462 (D. Colo. Mar. 7, 2012), *aff'd*, 504 F. App'x 739 (10th Cir. 2012). "Where a complaint reflects on its face that the statute of limitations has expired, dismissal pursuant to Rule 12(b)(6) is proper." *Ayoola v. OG&E Energy Corp.*, No. CIV-13-804-D, 2014 WL 111144, at *1 (W.D. Okla. Jan. 10, 2014) (citing *Solomon v. HSBC Mortgage Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010)).

Where notification of an NRTS is sent via email, the ninety-day period begins to run when the email arrives in the recipient's email inbox, not when the recipient opens the email or views the NRTS document.

> When the EEOC emails a right-to-sue notice, receipt generally occurs when the email reaches the inbox of the party (or that of the party's counsel). *See Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) (holding 90-day window starts with receipt of email with right-to-sue notice attached—not when party first opens attachment or reads notice); *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024) (deciding 90-day period began when EEOC informed plaintiff's counsel that right-to-sue notice was available on EEOC Public Portal, even though counsel couldn't login or read notice until EEOC re-sent it more than a month later); *Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290, 293 (E.D. Pa. 2022) (holding party received notice "when the email notification reached Plaintiff's attorney's inbox"); *but see Denoia v. Roche Diagnostics Corp.*, No. 23-cv-00344-SEB-TAB, 2024 WL 5186873, at *13 (S.D. Ind. Dec. 20, 2024) (resolving factual dispute in plaintiff's favor where summary judgment record contained no evidence plaintiff had received emailed notice but EEOC's Activity Log reported plaintiff had received it).

*Kandt v. City of Garden City, Kan.*, No. 23-2043-DDC-TJJ, 2025 WL 859865, at *4 (D. Kan. Mar. 19, 2025); *see also Cerroni v. Smith's Food & Drug Centers, Inc.*, No. 2:23-cv-00005-JCB, 2023 WL 3467466, at *2 (D. Utah May 15, 2023) (90-day period began to run when the email notification was delivered to the plaintiff's attorney's inbox, and not when the plaintiff's attorney opened the email); *Paniconi*, 604 F. Supp. 3d at 293 ("Because Plaintiff's attorney received the email notification on September 8, 2021, it is

13

irrelevant when Plaintiff's counsel actually followed the link to access the EEOC portal. The ninety-day period began to run when the email notification reached Plaintiff's attorney's inbox.")

In this case, as discussed above, the Court takes judicial notice of the fact that notice of the NRTS was sent to Plaintiff via email on August 21, 2024. Accordingly, the deadline to file a Complaint was November 19, 2024. It is undisputed that Plaintiff filed the Complaint after November 19, 2024. Therefore, Plaintiff's ADA claims against Defendants are time barred.

Further, even without considering the EEOC activity log, the fact that the NRTS itself includes Plaintiff's email address and states, "Issued On: August 21, 2024," is enough for the Court to conclude that it was in fact emailed to Plaintiff on that date. The Court may consider the NRTS because Plaintiff attached it to the Complaint and because the Court may take judicial notice of it as an administrative filing. *See Gee*, 627 F.3d at 1186; *Villarreal*, 2021 WL 1022701, at *5. The 150-page Complaint and its attachments contain no other allegations regarding the date Plaintiff received the NRTS. Plaintiff has acknowledged that, as of March 11, 2025, her email account indicates that the notification was received on August 21, 2024, and Plaintiff's theory that the EEOC hacked her email account is simply not plausible. Ultimately, "the dates given in the complaint" "make clear" that the NRTS was emailed to Plaintiff on August 21, 2024. *See Jiying Wei*, 759 F. App'x at 740. Therefore, because Plaintiff did not file the Complaint on or before November 19, 2024, Plaintiff's ADA claims against Defendants are time-barred.

14

Moreover, even if the Court were to assume that Plaintiff did not receive notice of the NRTS until August 24, 2024, as she claims, she has still failed to comply with the ninety-day filing requirement. If she received the NRTS on August 24, 2024, she would have needed to file the Complaint on or before November 22, 2024. Based on the Court's records, which Plaintiff has not disputed, she has not done so. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "[A]ll pleadings other than those filed via CM/ECF must 'be filed during the business hours of the office of the clerk from 8:00 a.m. to 5:00 p.m. (Mountain Time) Monday through Friday.'" *Saxena v. Allen*, No. 22-cv-01769-DDD-SP, 2023 WL 11957455, at *2 (D. Colo. June 30, 2023) (quoting D.C.COLO.LCivR 71.1), *aff'd*, No. 23-1212, 2023 WL 8476264 (10th Cir. Dec. 7, 2023). "'[E]mail filings received by the Clerk's Office after 5:00 p.m. will be filed the next business day.'" *Id.* (quoting D. Colo. Email Filing Procedures). When the Clerk's Office receives a filing from pro se filer at COD_ProSe_Filing@cod.uscourts.gov after 5:00 p.m., the Local Rules dictate that it be deemed filed as of the next business day. As the Court has recently explained in another case:

> Given that [the pro se plaintiff] did not electronically file the Complaint, he was required to email it to the clerk's office 'during . . . business hours,' that is, 'from 8:00 a.m. to 5:00 p.m. (Mountain Time) Monday through Friday' in order for the Complaint to be deemed filed on the day it was sent. Because the document was emailed after normal business hours, it was appropriate for the Clerk to enter it on the docket the next business day, docketing the Complaint's filing date as July 18, 2022.

*Saxena*, 2023 WL 4306289, at *4 (D. Colo. June 2, 2023) (citing D.C.COLO.LCivR 77.1), *reconsideration denied*, 2023 WL 11957455 (D. Colo. June 30, 2023), *aff'd*, No. 23-1212, 2023 WL 8476264 (10th Cir. Dec. 7, 2023), *and aff'd in part, remanded in part*, No. 23-1212, 2023 WL 8476264 (10th Cir. Dec. 7, 2023).

15

Accordingly, even if the 90-day period started to run on August 24, 2024, Plaintiff's claims are still time-barred because the Complaint was not filed until November 25, 2025.

Because Plaintiff's claims are time-barred, they are dismissed with prejudice. *See McGowan v. Wal-Mart Stores*, 757 F. App'x 786, 788 n.3 (10th Cir. 2019); *United States ex rel. Conner v. Salina Reg. Health Ctr., Inc.*, 543 F.3d 1211, 1226 (10th Cir. 2008).

## IV.    CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that the Motion to Dismiss, ECF No. 13, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Dated at Denver, Colorado this 17th day of April, 2025

_____
N. Reid Neureiter
United States Magistrate Judge

16