UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

YVETTE PINNOCK,

Plaintiff,

V.                                                                                    No. 1:24-cv-03290-NRN

TELETECH GOVERMENT SOLUTIONS,
LLC, and SHEILA BARANOWSKI

# MOTION TO ALTER OR AMEND JUDGEMENT TO DISMISS WITH PREJUDICE AND ORDER TO PAY DEFENDANTS ATTORNEY'S FEES

I Yvette Pinnock the Plaintiff acting on behalf of myself in Pinnock v. TTEC government solutions LLC and Sheila Baranowski, hereby motion to alter or amend the judgement to dismiss with prejudice and the order to pay defendants attorney's fees. The plaintiff humbly requests the court to reconsider the judgement and order in ECF NO. 29-30. In accordance with Fed. R. Civ. P. 59(e)

The plaintiff asks that this motion be construed with all relevant facts, information and evidence presented in her objection ECF NO. 31 in reseponse to the Magistrate Judges judgement to grant the defendants motion to dismiss with prejudice and the order for the plaintiff to pay the defendants attorney's fees. The plaintiff reiterates that it would be a terrible miscarriage of justice for the courts to overlook the very

1

serious heavily consequestial allegations made in reference to crimes commited on the part of the defendants. In this motion to the court, the plaintiff would like to remind the court of the unlawful offences enacted against the plaintiff by the defendants.

## *Statute: Title VI Americans with Disabilities Act*

Defendants committed a violation of Title VI of the ADA, in that their company Teletech government solutions (DBA TTEC) is classified as an affiliate company that works with the United States government and the public sector. In turn, their company receives federal funding and therefore it is all the more reprehensible to discriminate against an individual with disabilities under this statue.

## *Statute: Title V Americans with Disabilities Act*

Defendants committed a violation of Title V of the ADA. By partaking in coercion, retaliation and disability discrimination towards the plaintiff. The defendants did not accommodate the plaintiff by ensuring that her equipment was up to par, in turn creating an unsafe environment for her to work. The plaintiff proceeded to file her first charge with the EEOC Tampa field office. Plaintiff asserts thereafter her case was transferred without her knowledge nor consent to the Virgina field office, where the company Faneuil (now TTEC) was based, said charge was completed in December of 2021 at this location. In subsequent conversation between the plaintiff and the EEOC Virginia field office investigative officer Anthony Gardner, plaintiff expressed concerns over the legitimacy of the case being transferred. She was concerned about the motives and speculated unfair outcomes due to the possibility of coercion. As a result, she later requested for her case to be moved out of the EEOC Virginia field office. The case was allegedly transferred to the Miami field office, which was the incorrect jurisdiction, as the plaintiffs domicile location was Tallahassee, Florida, not Orlando, Florida. Contrary to the advisement of EEOC Virgina field office representative Alexander Perez, thereby prohibiting the Tampa Florida field offices administrative jurisdiction over the charge investigation.

Several months after the request to move the charge, the Miami office had allegedly issued the NRTS via USPS, the NRTS had been sent to an address the plaintiff no longer lived at and was scheduled for demolition. Years later, during plaintiffs drafting of her opposition, it was made apparent that the letter head of the NRTS was addressed out of Miami, however, the envelope was postmarked out of Virgina. Plaintiff is sure that the EEOC Virginia filed officers committed fraud in a government matter which is a violation of statute 43 CFR § 20.510. See Exhibit G-G1. In light of said charge, the defendants ramped up their campaign of retaliation against theplaintiff for participating in a protected activity. One of the many ways they did this, was by withholding her contractual non-discretionary $1,000 bonus which is a violation of the Fair Labor Standards act statute. Plaintiff discovered the bonus upon her return from 'FMLA' (Family Medical Leave Act). When the plaintiff enquired about said bonus, defendant Sheila Baranowski, on separate occasions, denied having knowledge of its whereabouts. Consequently, due to inefficient working equipment, the plaintiff was repeatedly assaulted, ending in physical, psychological, and emotional injury. Plaintiff theorizes, based on the timing of the acoustic sounds, (touchtone interceptions) through her headphones, that emanated from the systems. This was not down to a random occurrence, rather, it was a deliberate act of infliction of harm upon the plaintiff who is on the autistic spectrum and was adversely impacted due to auditory sensitivity, thus causing hyperacusis leading to misophonia. Plaintiff further asserts that this cruelty was enacted because of her enquiry of the missing one-thousand-dollar non-discretionary bonus (See ECF NO. 23). Which statutorily constitutes wage theft. Upon plaintiffs repeated address of these issues, she was mocked and ignored by the defendants, until she began taking measures to safeguard and protect herself. Plaintiff utilized foam earplugs and adjusted the volume of her headsets. Plaintiff felt there was no other recourse of action, as defendants refused to take her complaints seriously, thus rendering the plaintiff incapable of fulfilling her job duties, leading ultimately to her wrongful termination. The defendants combat strategy has consistently revolved around coercion, coverup, and conspiracy. This can be further proven following plaintiffs' unfair dismissal in December of 2022.

The plaintiff sought legal council and was advised by Lee Law firm that filing another charge through the EEOC was necessary in order to pursue a retaliation, disibility discrimination and wrongful termination lawsuit. Plaintiff proceeded as instructed in January 2023 with completeing the EEOC inquiry with both the Tampa and Colorado field offices. Plaintiff remained suspicious of the Tampa field office following the way her previous charge had been mishandled potentially due to coercin, she opted to pursue the charge and investigation with the Colorado field office with the hopes of a fair and just outcome. Instead, plaintiff was left in the lurches and had not been contacted until August of 2023 by the EEOC Colorado field office representive Sarafina Kidane, urgently instructing plaintiff to complete her inquiry by October 12 2023 in order to begin the charge and investigation. Although plaintiff had been assigned investigative officer Carlos Palafox soon after submitting her inquiry, 90 days had passed and due to his refusal of scheduling an intake interview, plaintiff requested his removal from her case. This set off a convulted chain of events that culminated in a number of EEOC employees partaking in acts consistent with lying and claiming to have had conversations that were never had, refusal and deliberate omission of pertinent information, falsifying of log records, and interference with due process. All of which are catorgorized as a *Fraud or false statements in a Government matter 43 CFR § 20.510.* In any case given the actions of the EEOC's representatives, at the very least their NRTS letter must be invalidated. Thereby, rendering the plaintiffs' case **NOT TIME-BARRED.**

In addition to the violations of *Title V of ADA.* the defendants coerced plaintiffs process server into delaying services and potentially committing perjury, by way of improper process of service. This can be proven by communications between plaintiff and process server Brittney Pierce. Refer to Exhibits Z24-Z33 email correspondence for further insight.

---

*Fair Labor Standards act statute* was violated by defendant Sheila Baranowski in her deception and knowingly withholding the plaintiffs contractual non-discretionary $1,000 bonus.

*Fraud or false statements in a Government matter 43 CFR § 20.510* was violated by multiple employees of the federal goverment agency the Equal Employment Opportunity Commisions.

*Rule 60* – Relief from a Judgment or Order

*(3)* fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4

Plaintiff provided the process server with her summons and complaint for service. Yet, the process server uploaded a dummy summons and affidavit (See Ex: Ee) to an internal system called Servemanager. When plaintiff questioned the validity of the documents and what was actually served to the defendants, Ms. Pierce responded that she served the correct documents upon the defendant. At which point she queried why Ms. Pierce didn't upload the summons which bared the courts official seal, the clerk's signature, and the courts header See Exhibit Z24-Z25. She then responded that she thought she was helping by providing the plaintiff a cleaner affidavit. The plaintiff was fully aware that she had not at any time provided the process server with any non-official summons documents. Therefore, the plaintiff asked Ms. Pierce specifically where she got the dummy summons from. Ms. Pierce replied that the information could be downloaded offline. Plaintiff theorizes that the process server did not download the unofficial summons, rather it was issued directly to her by either the defendants or a member of staff within the United States District Court for the District of Colorado. Conspiracy to pervert the course of justice occurred when the defendants coerced the process server to act maliciously against the plaintiff in an attempt to exploit her disability.

Another instance in which the defendants perverted the course of justice, was when the process server unsuccessfully attempted to serve defendant Sheila Baranowski in her official capacity, See ECF NO. 6 #1, according to the listed address on the EEOC's Charge of discrimination See ECF No. 1 #3. Consequently, Baranowski being served was delayed until December 28th, 2024, See ECF NO. 6 # 2, after plaintiff paid $145 to a process server in Connecticut to serve the defendant. However, in order for Baranowski to be served, plaintiff was first required to pay $55 to complete a skip trace See Exhibit Dd.  Defendants then used the situation as a means to further manipulate due process by allowing Baranowski to go into default under Fed. R. Civ. P. 55(a). before stating their attorney, Arthur Rooney would also be representing her. By committing these coercive and fraudulent acts, the defendants should be held in contempt of the court under Fed. R. Civ. P. 56(h) Therefore, forfeiting their right to relief under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

### *Statute: Civil Rights Act Title VII*

Defendants violated the Civil Rights Act Title VII, when plaintiff was required to participate in mandatory job training and she was placed in a group with predominantly employees of upper management, which created a subtle hostile environment where plaintiff was subject to micro and macro aggressions. Trainer Bettina Del Valle-Cruz made overt racially disparaging remarks by using derogatory and denigrating names for role playing characters during training sessions. According to ECF. NO 26 P. 7 & 16 of Exhibit A (EEOC ledger) On July 15th 2024. A referral was made to the Colorado Civil Rights Division. It is plaintiffs understanding that this division is a neutral party that is mandated by law to receive, investigate, and make determinations on complaints alleging violations of CADA (Colorado Anti-Discrimination Act). On October 30th, 2024, the Colorado Civil Rights Division Deputy Director Traci Green placed the plaintiffs charge in a deferral status without any further notice or update.

### *Statute: Computer Fraud and Abuse Act 18 U.S.C. sec. 1030 and C.R.S 18-5.5-102*

Defendants violated the **Computer Fraud and Abuse Act U.S.C. sec. 1030 and C.R.S 18-5.5-102** in that, they used technology to conspire and commit fraud. Initially plaintiff was under the assumption that due to her Gmail account being off kilter, that 'bad actors' in google were responsible for potenitally breaching her account at the beckoning of either the defendants or 'bad actors' in the EEOC. However, after deeper investigations, the plaintiff noted oddities within the NRTS notification email message ID, allegedly sent from the EEOC on August 21st, 2024. Plaintiff compared message IDs sent from the EEOC previously and concluded that there was something distinct about the one sent on August 21st. According to the research the plaintiff did, a message ID is considered a unique identifier assigned by the sending mail server to each email. It helps track an email's journey and can be used to identify related messages in a thread.

That said, with further research plaintiff discovered that HTML email links use certain attributes that can be used typically to represent an attempt to modify the default behavior of the link. Through further investigating plaintiff discovered that the Message ID in an email can be helpful in identifying potential forgery as it can help reveal if a message has been forged i.e. If the message-ID doesn't match the expected format for the email client or system, it can suggest the message has been altered. Plaintiff is not an IT specialist, however, the message-ID distinction stands out and warrants deeper investigation by one who is an expert in the field. The other notable attribute about this particular message ID, is that it originates through Microsoft. That said, plaintiff has surmised that Microsoft is culpable in this convoluted web of connivances and not Google. To elaborate and further substantiate the claim, Plaintiff notes the only common factor between all parties involved, is Microsoft Outlook. Both former employers, Faneuil, TTEC, EEOC, US District court for the district of Colorado, and the plaintiff who uses Microsoft products i.e., software, on her personal devices. In light of this revelation, now would be an appropriate time to speak on incidents of surveillance of the plaintiff's personal laptop. An example of this, is a black Dos prompt box that appears and flashes several times on the screen. It has raised alarm and made the Plaintiff angry at times because of the invasion of privacy. Plaintiff estimates that it's been happening on this device since late July into early August of 2024. According to plaintiffs' best recollection, this has occurred over 10 times and 5 of which she has recorded. Most recently, the Dos prompt appeared on Monday May 12th, 2025 at approximately 3:15am. Plaintiff awoke from sleep and checked her laptop. The screen was white with the Microsoft update and backup notification. Plaintiff selected 'remind me later' and noticed her desktop's taskbar had closed all the Microsoft edge tabs that were open, when plaintiff reopened the edge browser, she selected the 'restore tabs' option. Within minutes of the browser restoration, the Dos prompt appeared. Later that evening, plaintiff went to YouTube to her playlist and realized she was logged out. Alarmed by this finding, Plaintiff searched through her tabs only to realize that she had been logged out of her Google account. Plaintiff attempted to log back in, but was unsuccessful and eventually was forced to change her password in order to regain entry. All the while, flustered by the idea that the evidence in her Gmail account would be tampered with.

The evidence Plaintiff is referring to, is the 2 hour time difference from her current timezone. More specifically, Plaintiff is in the Central timezone, yet her gmail account indicates that she is in a Pacific timezone. In previous writings to the courts, Plaintiff has mentioned this peculiarity, alluding to hacking on the part of persons within the Google organization, Headquarted in California. Plaintiff was naieve to the fact that Microsoft is Headquartered in Redmond Washington, which is also in a Pacific timezone.

The mysterious message ID, the intrusive dosk prompt appearing randomly on plaintiffs personal devices and preiviously on her work computer which used Microsofts operating systems, plaintiffs Gmail timezone discrepancy, the federal district courts Outlook inbox timestamp discrepancies, and the disruption within the "thread" communication between the Plaintiffs gmail account and the courts Outlook account. See ECF NO 27. All of this leads to the conclusion that persons within Microsoft's organization colluded with the defendants and are diabolically and inextricably reponsible for this campaign of technological warfare, **NOT** Google. In continuation of Plaintiffs description of the violations of the ***Computer Fraud and Abuse Act U.S.C. sec. 1030 and C.R.S 18-5.5-102***, she would like to bring to the courts attention, the main catalysts for the unveiling of this sorted scheme. No 1. The Clerk Ethan notifying the plaintiff of the timestamp discrepancy of 6:56pm MT on November 25th 2024, which was not possible as plaintiff firmly asserts she was at work for roughly 2 hours, by that time. No 2. Plaintiff acknowledging the screenshot of the timestamp from her Gmail outbox on November 22nd 2024 showing the email was sent at 3:59pm. By Monday November 25th 2024, the outbox timestamp had changed to 5:56pm. No 3.Clerk of the courts team lead, Andreina Garcia-Garcia's email to the plaintiff depicting IT's alleged findings related to the Outlook email properties. Specifally denoting plaintiff's complaint email was received at 00:00:16 Saturday, 23rd November 2024, which is impossible as Plaintiff was still at work. No 4. The dispute over the plaintiff's pleadings timeliness in relation to the date the EEOC allegedly sent the NRTS notification to Plaintiff's Gmail account on August 21st, 2024.

---

***Rule 60*** – Relief from a Judgment or Order
***(3)*** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

No 5. The audio recorded consultation Plaintiff had with Attorney Kyle Lee on August 22nd, 2024, and it's subsequent disappearance, paired with the altered call log records within the Text now phone service application.

## Summary

Concerning this Motion to alter or amend judgement to dismiss with prejudice and order to pay defendants attorney's fees, in accordance with Fed. R. Civ. P. 59(e). Plaintiff respectfully and humbly requests the courts strongly reconsider their decision in the final judgement. With regards to the many violations of our statutory provisions, it would be an obscene travesty of justice if the courts, whether intentionally or unintentionally, directly or indirectly, aid and abet the defendants in violating federal statues of law, by turning a blind eye to the preponderance of evidence provided by the Plaintiff.

To recount the many, non-exhaustive, statute violations committed by the defendants thus far; plaintiff highlights those statues as follows: violations of **Title V of ADA**, violations of **Title VI of ADA**, violations of **Civil rights Act Title VII**, violations of the **Fair Labor Standards Act**, Violations of **Fraud or false statements in a government matter statute 43 CFR § 20.510**.  and violations of **Computer Fraud and Abuse Act U.S.C. sec. 1030 and C.R.S 18-5.5-102**.

To put this matter into proper perspective, the plaintiff would ask the court to momentarily put aside the Plaintiffs status as a named individual in this civil dispute. As a matter of law, given the egregious nature of the crimes alleged to have been committed by the defendants and their cohorts; it is her expectation for the courts to exercises their duty to uphold the statutes of the law to protect and serve all American citizens. This can only be done when the court recognizes the crimes committed by the defendants against the plaintiff. Thereby, ensuring a precedence is set that accountability and the associated penalties must be applied in the pursuit of justice. On the contrary, for the courts to demonstrate bias in favor of the defendants is totally unacceptable.

A clear example of this partiality, occured when defendant Sheila Baranowski fell into default status according to Fed. R. Civ. P. 55(a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. This did not happen. On the other hand, those same clerks, under the authority of the courts were able to bully and intimidate the Plaintiff into submitting to and signing an affidavit the she was wholly against, by agreeing that her file date was November 25th 2024. This was a direct and inappropriate mishandling of Plaintiffs filing of her pleasdings, according to Fed. R. Civ. P. 5(d)(4).

Once more, the Plaintiff pleads with the court to set aside the final judgement and rule in favor of the plaintiff as a matter of law, by granting the plaintiff's motion.

**Signed: Yvette A. Pinnock**

**Dated: May 15th 2025**